UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARQUIS HEALTH CONSULTING SERVICES, LLC<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAMI ALMADI and BEST CARE SERVICES, INC.,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 23-cv-10975<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Marquis Health Consulting Services, LLC ("Marquis"), for its Complaint for Injunctive Relief and Damages against Defendants Sami Almadi ("Almadi") and Best Care Services ("Best Care") (collectively, "Defendants"), hereby states and alleges the following:

**INTRODUCTION**

1. Marquis brings this claim against Almadi seeking injunctive relief and damages for Almadi's breach of his obligations under the two *Agreements Against Unfair Competition* ("Non-Solicitation Agreements") he signed with Marquis in November 2021 and July 2022. Almadi violated his contractual obligations to Marquis when he left Marquis to join Best Care, a direct competitor to Marquis. On information and belief, Almadi helped Best Care solicit, recruit and hire at least four employees of Marquis and/or its affiliates since his departure from Marquis in October, 2022. Despite written notice from Marquis, Almadi has refused to provide Marquis with adequate assurances that he will not commit additional breaches, and indeed has committed additional breaches after receiving such written notice from Marquis. Marquis seeks damages for

Almadi's breach of the Non-Solicitation Agreements arising from Almadi's influencing the departure of four employees of Marquis and/or its affiliates.

2. Marquis also seeks damages for Best Care's intentional interference with the Non-Solicitation Agreements between Marquis and Almadi, arising from Best Care's encouraging and/or inducing Almadi to breach his non-solicitation obligations and use of Almadi's knowledge about Marquis personnel to poach certain employees.

## Parties, Jurisdiction and Venue

3. Marquis is a New Jersey LLC with a principal place of business located in New Jersey. Marquis has two LLC members, Tryko Holdings LLC and Skilled Ventures LLC. All Trustees of both member LLCs are located in New Jersey.

4. Almadi is an individual who is a citizen of Massachusetts residing at 104 Setterland Farm Road, Hanover, MA 02339.

5. Best Care is a New York corporation that has engaged in conduct in Massachusetts giving rise to the facts and circumstances at issue in this lawsuit.

6. Jurisdiction over this matter arises under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1367 (supplemental jurisdiction). The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2), because a substantial part of the harm caused to Marquis by Defendants' conduct arises in Massachusetts, and Defendant Almadi lives and works in Massachusetts.

**FACTS**

**Marquis' Business and Effort to Protect Confidential Commercial Information**

8. Marquis provides administrative and consulting services to skilled nursing facilities and Senior Housing communities throughout the United States' Eastern Seaboard. Marquis serves patients and residents in Massachusetts, Maryland, Rhode Island, New Jersey, Pennsylvania and Virginia.

9. Marquis provides operational guidance to enable nursing facilities to achieve their quality and operational goals. Specifically, Marquis equips providers with advanced information technology, progressive tools, and strategies that empower them to deliver reliable, efficient, and innovative care, which drives exceptional outcomes and increased patient/resident satisfaction.

10. Throughout its decade in business, Marquis and its executives have developed strong relationships with the clients it serves. Marquis exerts significant efforts and costs to protect its legitimate business interests and protect its relationships with clients that have been developed over years of effort.

11. In addition, Marquis has spent valuable resources identifying and developing its employee talent. For instance, Marquis spends a considerable amount of time and investment in training its management employees so that they can be successful employees within the Marquis business model. Marquis administers personal, intensive, and ongoing training to its employees through an established program, wherein employees gain knowledge of Marquis' unique techniques of client relations, employee relations, marketing and solicitation to potential clients and cultivating and maintaining relationships with existing clients.

12. Marquis has generated a substantial amount of goodwill by building, cultivating, supporting and maintaining relationships between its employees and its clients. The goodwill is enhanced and cultivated by Marquis' marketing, training, and support.

13. In addition to Marquis' substantial investment in its relationship with clients, Marquis has also developed vast amounts of confidential commercial information including, but not limited to: (1) information regarding business plans, trade secrets, existing or potential transactions with third parties, financial information, intellectual property, products, services, research and development, operations, marketing, sales, pricing, margins and trade know-how; (2) personnel information, such as the identity and number of Marquis' other employees, their compensation packages, skills, qualifications, work completed or Marquis, experience and abilities; and (3) non-public information regarding clients.

14. In order to protect these valuable assets, and for good and valuable consideration, Marquis requires each of its managerial employees to sign restrictive covenant agreements that typically include confidentiality, non-competition and non-solicitation provisions, generally upon the commencement of such employee's employment or at the time of certain job changes or promotions.

**Marquis' Employment of Almadi**

15. On or about December 27, 2017, Marquis hired Almadi as a Nursing Home Administrator.

16. On or about November 29, 2021, in consideration for his continued employment with Marquis and promotion to Administrator of Webster Park Rehabilitation and Healthcare Center in Rockland, MA, Almadi signed the Non-Solicitation Agreement, which includes

confidentiality, non-competition, and non-solicitation provisions. This November 2021 Non-Solicitation Agreement is attached hereto as Exhibit A.

17. On or about July 20, 2022, in consideration for his continued employment and promotion to Regional Director of Operations, Almadi signed another Non-Solicitation Agreement, which includes confidentiality, non-competition and non-solicitation provisions. This July 2022 Non-Solicitation Agreement is attached hereto as Exhibit B.

18. In Almadi's positions as Administrator and Regional Director, he was aware of and facilitated Marquis' requirement to have other employees executive the Non-Solicitation Agreement.

19. The Non-Solicitation Agreement includes a provision prohibiting Almadi from soliciting Marquis' employees following the termination of his employment. Such provision (Paragraph 4 of the Non-Solicitation Agreement) states:

> Employee shall not, either during Employee's employment and for a period of 18 months thereafter, solicit, hire as an employee (or if any other capacity, including, but not limited to, as a consultant), or induce or attempt to induce to leave the Company's employ or to become employed or affiliated with any enterprise other than the Company, any individual who was the Company's employee, including, but not limited to, any director, officer, employee, representative, agent, consultant or independent contractor of the Company, as the case may be, within one year prior to the termination of Employee's employment, either on Employee's own account or for any person, firm, corporation, entity, or other organization.

20. Pursuant to the Non-Solicitation Agreement, Almadi acknowledged and agreed that Marquis will be entitled to obtain an injunction restraining any further violation and other equitable relief and attorney's fees. *See* Exh. A and B, ¶3.

21. Relying on the promises made by Almadi pursuant to the Non-Solicitation Agreement, Marquis provided Almadi access to Marquis' confidential commercial information, including personnel information, salary and bonus information, and client information.

22. During his employment with Marquis, Almadi utilized the training, knowledge and skills he received from Marquis, as well as his access to Marquis' confidential business plans, strategies, and back-office support to cultivate, develop and maintain relationships with Marquis' employees and clients for the purpose of advancing Marquis' business objectives.

23. During his employment with Marquis, Almadi was exposed to confidential and proprietary information belonging to Marquis, including, without limitation, Marquis' trade secrets, marketing techniques and strategies, client lists and contact information, relationships and goodwill, and personnel information, all of which is the sole property of Marquis.

24. At all material times, Marquis has taken, and continues to take, reasonable efforts to maintain the confidentiality of its trade secrets and other confidential commercial information.

25. On or about September 6, 2022, Almadi provided Marquis with a four-week notice of resignation. Almadi's last day of work with Marquis was October 4, 2022.

## Almadi's Breaches

26. Upon information and belief, Best Care hired Almadi shortly after he left Marquis, in the position of Chief Operating Officer ("COO").

27. Between March 16, 2023 and April 28, 2023, four employees of Marquis and/or its affiliates left for Best Care and/or its affiliates. Upon information and belief, Almadi communicated with such Marquis employees and, directly and indirectly, solicited, recruited, induced and hired them for jobs with Best Care and/or its affiliates.

28. On or about April 5, 2023, Marquis demanded, through a letter from its counsel, that Almadi immediately return any Marquis information in his possession or control and cease all actions that could be considered a violation of the Non-Solicitation Agreement, including, but not limited to, use and disclosure of Marquis' confidential information, solicitation of Marquis'

customers, and solicitation/hiring of Marquis' employees. A copy of this letter is attached hereto as Exhibit C.

29. Marquis further demanded that Almadi provide written assurance that he would honor all of his obligations under the Non-Solicitation Agreement.

30. Almadi failed to provide any response to Marquis or Marquis' counsel.

31. Between April 5, 2023 and the April 28, 2023, three employees left Marquis for Best Care or its affiliates. Subsequent to receiving the April 5, 2023 letter from Marquis' counsel, upon information and belief, Almadi continued to communicate with multiple Marquis employees (including the employees who left Marquis for Best Care between April 5, 2023 and April 28, 2023) and, directly and indirectly, solicited, recruited, induced and attempted to hire them for jobs with Best Care and/or its affiliates.

### Best Care's Intentional Interference with Almadi's Non-SolicitationAgreement

32. Upon information and belief, Best Care hired Almadi as COO shortly after he left Marquis.

33. Upon information and belief, Best Care hired Almadi for his knowledge regarding Marquis' confidential and proprietary information, including, without limitation, Marquis' trade secrets, marketing techniques and strategies, client lists and contact information, relationships and goodwill, and personnel information, all of which is the sole property of Marquis.

34. Upon information and belief, Best Care had knowledge that Almadi had signed a restrictive covenant agreement that included confidentiality, non-competition, and non-solicitation provisions.

35. Despite having knowledge of Almadi's Non-Solicitation Agreement, Best Care knowingly induced Almadi to breach his Non-Solicitation Agreement by communicating with

multiple Marquis employees and, directly and indirectly, soliciting, recruiting, inducing and hiring such employees for jobs with Best Care, and providing Best Care with proprietary information regarding Marquis' employees and clients.

36. Marquis has been harmed by Best Care's unlawful conduct.

## CLAIMS

### COUNT I
**Breach Of Contract**
**(Against Almadi)**

37. Marquis restates and incorporates by reference all of the previous allegations as if set forth fully herein.

38. Almadi entered in the Non-Solicitation Agreements with Marquis in exchange for good and valuable consideration, including Almadi's promotions to Administrator and Regional Director and his continued employment with Marquis.

39. Marquis has fully performed its obligations under the Non-Solicitation Agreements.

40. Almadi has breached and will likely continue to breach the employee non-solicitation provisions of the Non-Solicitation Agreements by directly and indirectly soliciting, recruiting, inducing, hiring or attempting to hire employees of Marquis and/or its affiliates including recruiting the four employees of Marquis and/or its affiliates who left between March 16 and April 23, 2023, to work for Best Care or its affiliates.

41. Almadi has breached and will likely continue to breach the confidentiality provisions of the Non-Solicitation Agreements by disclosing, directly or indirectly, the confidential personnel information of Marquis to Best Care.

42.     Marquis has suffered and will continue to suffer significant monetary damages as a consequence of Almadi's breaches.

43.     Almadi's actions have caused great and irreparable injury to Marquis's business, harming the relationships between Marquis and its clients and employees.

44.     Almadi's breaches entitle Marquis to recover damages suffered and injunctive relief.

## COUNT II
### Breach Of The Implied Covenant Of Good Faith And Fair Dealing
### (Against Almadi)

45.     Marquis restates and incorporates by reference all of the previous allegations as if set forth fully herein.

46.     The agreement described above is a contract existing between Marquis and Almadi. The agreement includes an implied covenant of good faith and fair dealing.

47.     Almadi acted in bad faith and with an improper motive as described herein, in breach of the implied covenant of good faith and fair dealing.

48.     Almadi's actions violate the reasonable and justifiable expectations of Marquis under the terms of the agreement and have the effect of injuring Marquis' rights to receive the fruits of the agreement.

49.     Almadi's breaches were and are substantial factors in directly and proximately causing damages and irreparable harm to Marquis. Marquis has been and continues to be harmed by Almadi's actions.

## COUNT III
### Intentional Interference with Contractual Relations
### (Against Best Care)

50. Marquis restates and incorporates by reference all of the previous allegations as if set forth fully herein.

51. Almadi entered into the Non-Solicitation Agreements with Marquis in exchange for good and valuable consideration.

52. Best Care hired Almadi after he left Marquis.

53. Best Care had knowledge that Almadi had signed an agreement that included confidentiality, non-competition and non-solicitation provisions.

54. Despite having knowledge of Almadi's Non-Solicitation Agreement, Best Care knowingly induced Almadi to breach his Non-Solicitation Agreements by encouraging him to solicit, recruit and hire Marquis employees in violation of his Non-Solicitation Agreements and to use and disclose Marquis' proprietary information regarding its employees.

55. The interference by Best Care was wrongful, tortious, improper in motive and means, and conducted with malice.

56. Best Care hired Almadi for his knowledge regarding Marquis' confidential and proprietary information, including, without limitation, Marquis' trade secrets, marketing techniques and strategies, client lists and contact information, relationships and goodwill, and personnel information, all of which are the sole property of Marquis.

57. Best Care continues to unlawfully use Marquis' proprietary information, via Almadi, to gain a competitive advantage in the niche skilled nursing facilities and senior housing community industry.

58. Marquis has suffered and will continue to suffer significant monetary damages as a consequence of Best Care's actions.

## REQUESTS FOR RELIEF

WHEREFORE, Marquis respectfully requests that this Court grant the following relief:

A. Enter judgment for Marquis;

B. Enter a preliminary and permanent injunction enjoining Almadi from having any involvement, direct or indirect, in the soliciting, recruiting, approaching, inducing or hiring of a Marquis employee, including any attempt to influence any aspect of a process that could result in the hiring of a Marquis employee by Best Care, until the expiration of the extended restrictive period;

C. Award damages to Marquis in an amount to be determined at trial;

D. Award Marquis costs, reasonable attorneys' fees and interest; and

E. Issue a permanent injunction, enjoining Defendants for a period of twelve (12) months from the date of entry of the injunction from engaging in any conduct that violates the confidentiality and non-solicitation obligations in the Non-Solicitation Agreements;

F. Award Marquis such other relief as this Court deems just and proper.

## **VERIFICATION**

I, Sharon Donaghue, under penalty of perjury, verify that I am the Division President for Marquis Health Consulting Services, LLC and that the facts in this Verified Complaint (except those facts based upon information and belief) are true and accurate to the best of my knowledge, or true to the best of my information and belief if compiled by others.

<u>s/ Sharon Donaghue</u>

Sharon Donaghue

Dated:  May 3, 2023

Respectfully submitted,

MARQUIS HEALTH CONSULTING SERVICES, LLC,
By its attorneys,

<u>s/ Jamie L. Kessler</u>
Erik J. Winton, BBO #600743
Katherine S. Lam, BBO #711323
Jamie L. Kessler, BBO 681867
JACKSON LEWIS P.C.
75 Park Plaza
Boston, Massachusetts 02116
Phone:  (617) 367-0025
Fax:  (617) 367-2155
Email: wintone@jacksonlewis.com
Email: katherine.lam@jacksonlewis.com